| ¡WICKER, Judge Pro Tem.
This matter began with the filing of a law suit by plaintiff, Clifford Drayton, for recovery of damages received in a slip and fall in the lobby of the Harvey State Office Building. The action, naming the State of Louisiana as defendant, was filed on January 17, 1996. On February 29, 1996 the State answered the petition and filed a “Request for Notice of Trial, Hearing and Judgment”. The record indicates that no steps in furtherance of the action were taken after February, 1996. On May 5, 1999 defendant filed an ex-parte motion to dismiss plaintiffs suit on the ground of abandonment. An order dismissing plaintiffs suit without prejudice was signed by the court on the same day. On July 9, 1999, plaintiff filed a motion to set aside the judgment of dismissal. On September 2,1999, that motion was denied by the trial court. Plaintiff filed a timely motion for appeal from that judgment.
|3The issue before us is whether the trial court was correct in holding that LSA-C.C.P. article 561 mandates the dismissal of plaintiffs action for failure to prosecute the matter for a period of three years. That article provides as follows:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a *769 period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(e) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court. Prior to 1997, the above article required
a five year period of inactivity before an action could be deemed abandoned. In 1997 the article was amended to reduce the time to three years. In making that change the legislature decreed that “(t)his Act shall become effective on July 1, 1998, and shall apply to all pending actions”. This court has decided the issue of whether this article can be applied retroactively in Dempster v. Louisiana Health Services & Indemnity Company, 98-1112 (La.App. 5 Cir. 3/10/99), 730 So.2d 524, unit denied, 99-1319 (La.7/2/99), 747 So.2d 20. In that case we determined that the article is procedural. Further, because the clear intent of the legislature was to apply the three year period to all pending actions, we found the change should be applied retroactively.
In brief to this court, plaintiff concedes article 561 is controlling. However, plaintiff urges this court to apply the doctrine of proportionate prescription which provides that, when legislation changes a prescriptive period while it is already running, the time which has run under the old law is governed by the old law, and the time which runs under the new law is governed by the new law.
We are not persuaded by this argument. Had the legislature intended to provide for such a method, it would have done so. We believe the mandate given by the legislature is clear. All pending actions as of the effective date of the amendment to the article are to be governed exclusively by the three year period. We find no basis in the article as amended to calculate the period on a proportionate basis using the five year period for a portion of the time the suit was pending. Accordingly, we find the trial court correctly dismissed plaintiffs action for failure to prosecute within the three year period.
AFFIRMED.